IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JIMMY N. GUASTAFERRO, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 23-3879 |
| | : | |
| v. | : | |
| | : | |
| FAMILY DOLLAR; HOWARD LEVINE, | : | |
| CEO of Family Dollar Corp.; and TOM | : | |
| BOGLE, COO of Family Dollar Corp., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                                          October 17, 2023

A *pro se* plaintiff has requested leave to proceed *in forma pauperis* in this action in which he asserts state-law claims for defamation and an unspecified federal claim against a variety store chain, its chief executive officer, and its chief operating officer, in his complaint. The plaintiff bases these causes of action on an incident in late-March 2023, where an employee of one of the chain's stores in Reading, Pennsylvania, allegedly physically assaulted him outside the store while the employee was under the mistaken belief that the plaintiff was barred from the store due to a prior episode of stealing, three months earlier. The plaintiff seeks $5 million in damages.

While the court will grant the plaintiff's request to proceed *in forma pauperis*, the court will also dismiss the complaint. Concerning the federal claim in the complaint, even though it is unclear what type of federal claim the plaintiff is attempting to assert here, the court has construed the allegations in the complaint as asserting a claim for a constitutional violation pursuant to 42 U.S.C. § 1983 against the defendants. As so construed, the court will dismiss any section 1983 claims against these defendants as such claims require that the defendants acted under color of state law when they allegedly violated the plaintiff's constitutional rights, and there are no factual

allegations in the complaint creating any plausibility that the defendants acted under color of state law. The dismissal of the plaintiff's section 1983 claim against the defendants will be with prejudice because there is no reasonable likelihood that the plaintiff could amend the complaint to include sufficient factual allegations showing that a private business and two private citizens were acting under color of state law at the time of the alleged assault.

Regarding the plaintiff's state-law claims for defamation, the dismissal of the federal claim in the complaint means that the only independent basis for this court to have subject-matter jurisdiction over state-law claims would be the diversity statute, 28 U.S.C. § 1332(a), which provides that federal district courts have subject-matter jurisdiction over, *inter alia*, actions where the plaintiff is not a citizen of the same state as any named defendant. In this case, the plaintiff, who has the burden to demonstrate that the court has jurisdiction due to his choice to file this action here, has wholly failed to show that the court has jurisdiction under section 1332(a) because he avers that he and the defendants are all citizens of the same state, Pennsylvania. Therefore, the court will dismiss the plaintiff's state-law defamation claims without prejudice to him asserting them in an appropriate state court.

## I.   ALLEGATIONS AND PROCEDURAL HISTORY

The *pro se* plaintiff, Jimmy N. Guastaferro ("Guastaferro"), commenced this action by filing an application for leave to proceed *in forma pauperis* ("IFP Application") along with a complaint naming as defendants, Family Dollar, its chief executive officer (CEO), Howard Levine, and its chief operating officer (COO), Tom Bogle, on September 15, 2023.[1] *See* Doc. Nos. 1, 2. In

---

[1] Although the caption of the complaint also lists Dollar General as a defendant, *see* Compl. at ECF p. 1, Doc. No. 2, Guastaferro did not include Dollar General as a defendant in the body of the complaint. *See id.* at ECF pp. 3–4. The court has not construed the allegations in the complaint as asserting a claim against Dollar General. Even if the court construed the complaint to the contrary, the court would still dismiss the complaint without leave to amend for the same reasons set forth in this memorandum opinion.

the complaint, Guastaferro alleges that a Family Dollar employee, who was "under the impression"

that Guastaferro "was barred for stealing [from the Family Dollar] 3 months earlier," physically

assaulted him outside a Family Dollar store in Reading, Pennsylvania, on March 31, 2023. *See*

Compl. at ECF pp. 5, 6. Guastaferro avers that this Family Dollar employee "body slammed" him

outside the store, which caused him to suffer a broken hip and have to undergo emergency

surgery.[2] *See id.* at ECF p. 6. For his injuries, Guastaferro seeks $5 million in monetary damages.

*See id.* at ECF p. 6.

## II.   DISCUSSION

### A.   The IFP Application

Regarding applications to proceed *in forma pauperis*,

> any court of the United States may authorize the commencement, prosecution or
> defense of any suit, action or proceeding, civil or criminal, or appeal therein,
> without prepayment of fees or security therefor, by a person who submits an
> affidavit that includes a statement of all assets such prisoner possesses that the
> person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal
> courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338
> (1989). Specifically, Congress enacted the statute to ensure that administrative
> court costs and filing fees, both of which must be paid by everyone else who files
> a lawsuit, would not prevent indigent persons from pursuing meaningful litigation.
> *Deutsch*[ *v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)].  Toward this end, §
> 1915(a) allows a litigant to commence a civil or criminal action in federal court in
> [sic] *forma pauperis* by filing in good faith an affidavit stating, among other things,
> that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct.
> 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131–32 (3d Cir. 2008) (per curiam) (footnote

omitted).

---

[2] Guastaferro claims that the incident was videotaped. *See* Compl. at ECF p. 6. He also claims that the assault caused him to be permanently disabled. *See id.*

The litigant seeking to proceed *in forma pauperis* must establish that the litigant is unable to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must] review the affiant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (internal citations omitted).

Here, after reviewing the IFP Application, it appears that Guastaferro is unable to prepay the fees to commence this civil action. Therefore, the court will grant him leave to proceed *in forma pauperis*.

**B.**   **Standards of Review – Screening of Complaint Under 28 U.S.C. § 1915(e)(2) and *Sua Sponte* Review for Lack of Subject-Matter Jurisdiction**

**1.**   **Screening of Complaint Under 28 U.S.C. § 1915(e)(2)**

Because the court has granted Guastaferro leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether his complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal—**(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief"). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke*,

490 U.S. at 325, and is legally baseless if it is "based on an indisputably meritless legal theory."

*Deutsch*, 67 F.3d at 1085. As for whether a complaint is malicious,

> [a] court that considers whether an action is malicious must, in accordance with the definition of the term "malicious," engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant.

*Id.* at 1086. "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Concerning the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted).

In addressing whether a *pro se* plaintiff's complaint fails to state a claim, the court must liberally construe the allegations set forth in the complaint. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) ("At this early stage of the litigation, we accept the facts alleged [in the *pro se*] complaint as true, draw all reasonable inferences in [the *pro se* plaintiff's] favor, and ask only whether that complaint, liberally construed, . . . contains facts sufficient to state a plausible . . . claim." (citation, internal quotation marks, and all original alterations omitted)); *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) ("We construe Vogt's pro se filings liberally. This means we

remain flexible, especially 'when dealing with imprisoned pro se litigants' like Vogt." (internal citations omitted) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013))); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339–40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)). Yet, conclusory allegations will not suffice. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Twombly*, 550 U.S. at 555)).

Additionally, when construing a *pro se* plaintiff's complaint, the court will "'apply the relevant legal principle even when the complaint has failed to name it.'" *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 244). However, *pro se* litigants "'cannot flout procedural rules—they must abide by the same rules that apply to all other litigants.'" *Id.* (quoting *Mala*, 704 F.3d at 245).

### 2.    *Sua Sponte* Review for Lack of Subject-Matter Jurisdiction

The court also has the authority to examine subject-matter jurisdiction *sua sponte*. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues sua sponte"). The party commencing the action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))). In the case of *pro se* plaintiffs initiating actions in federal district courts, they "bear[] the burden of demonstrating subject[-]matter jurisdiction." *Williams v. Philadelphia Water Dep't*, Civ. A. No. 23-4728, 2023 WL

5044961, at *2 (E.D. Pa. Aug. 8, 2023) (citing *Walthour v. City of Phila.*, 852 F. App'x 637, 638 (3d Cir. 2021) (per curiam)).

## C.   <u>Analysis</u>

In the complaint, Guastaferro identifies potential federal causes of action as an unspecified "federal law" claim and possibly a "[First] Amendment Right" claim. *See* Compl. at ECF pp. 2, 4. He also appears to raise state-law tort claims for defamation against the defendants.[3] *See id.* As explained below, Guastaferro has failed to plead a plausible federal claim and, without a viable federal claim, this court lacks subject-matter jurisdiction to entertain his state-law defamation claim. Accordingly, the court will dismiss the complaint

### 1.   **Federal Claims**

The court has construed Guastaferro's unspecified "federal law" claim, even if it is based on the First Amendment, to be a claim under 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be raised in federal court. Section 1983 provides in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. When attempting to establish a claim under section 1983, a plaintiff must allege and prove that a "person" deprived the plaintiff of a constitutional right while acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 49 (1988) ("To state a claim under § 1983, a plaintiff

---

[3] Confusingly, Guastaferro seemingly is attempting to assert causes of action for "defamation of charity" and slander. *See* Compl. at ECF p. 4. The court has treated these purported causes of action as falling under the umbrella of a cause of action for defamation because (1) Guastaferro does not allege any fact about a "charity" being defamed and (2) slander is a cause of action for defamation based on "[a] defamatory assertion expressed in a transitory form, esp. speech." *Slander*, Black's Law Dictionary (11th ed. 2019).

must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). Here, Guastaferro has failed to state a plausible claim for relief under section 1983 because he does not include any factual allegations demonstrating state action by the defendants. In other words, there are no allegations remotely showing that the defendants "act[ed] under color of state law." *Id.*

> Regarding this state action requirement,
>
> [t]he color-of-state-law requirement is a threshold issue; "there is no liability under § 1983 for those not acting under color of law." *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir.1995). To show that the defendant acted under color of state law, a litigant must establish that the defendant is a "state actor" under the Fourteenth Amendment. *Benn v. Universal Health System, Inc.*, 371 F.3d 165, 169 n. 1 (3d Cir.2004).

*Bailey v. Harleysville Nat'l Bank & Trust*, 188 F. App'x 66, 67 (3d Cir. 2006) (per curiam).

The "touchstone" of the state-action inquiry centers on the proposition that "state action may be found if, though only if, there is such a close nexus between the [s]tate and the challenged action that seemingly private behavior may be fairly treated as that of the [s]tate itself." *P.R.B.A. Corp. v. HMS Host Toll Rds., Inc.*, 808 F.3d 221, 224 (3d Cir. 2015) (internal quotation marks and citations omitted). There are

> three broad tests . . . to determine whether state action exists:
>
> (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.

*Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotation marks and citation omitted).

In this case, Guastaferro has not alleged any facts to support a plausible conclusion that any of the named defendants meet any of the foregoing tests to qualify as state actors under section

1983. In addition, nothing in the complaint suggests any factual or legal basis for concluding that the defendants, a variety store chain, its CEO, and its COO, are state actors who could be held liable under section 1983 based on an alleged physical assault that occurred outside one of the chain's stores or arising from false statements that Guastaferro was previously banned from the store in Reading due to stealing. *See, e.g.*, *Robinson v. Fam. Dollar Inc.*, 679 F. App'x 126, 128, 129 (3d Cir. 2017) (affirming district court's dismissal of *pro se* plaintiffs' constitutional claims against Family Dollar because, *inter alia*, it was not "a state actor subject to liability under [section 1983]"); *Gibson v. Fam. Dollar*, No. 19-cv-214, 2019 WL1517664, at *2–4 (E.D. Cal. Apr. 8, 2019) ("Plaintiff's amended complaint fails plausibly to allege that [Family Dollar and a Family Dollar employee] acted under color of state law—an essential element to the maintenance of a Section 1983 claim."), *report and recommendation adopted by*, No. 19-cv-214 (E.D. Cal. June 18, 2019); *Wilson v. Milwaukee Cnty.*, No. 18-CV-241, 2018 WL 1136097, at *4 (E.D. Wisc. Feb. 28, 2018) (concluding that *pro se* plaintiff could not maintain section 1983 claim against Family Dollar employees who allegedly assaulted him because "[p]rivate citizens and employees of the Family Dollar are . . . not state actors and therefore are not subject to suit under Section 1983"). Accordingly, Guastaferro has failed to allege a plausible constitutional claim under section 1983 against any named defendant, and the court will dismiss any section 1983 claims asserted in the complaint.[4]

---

[4] With respect to Guastaferro's section 1983 claims against Messrs. Levine and Bogle, these claims are also properly dismissed because he has failed to include any factual allegation about how they were personally involved in any alleged constitutional violation. A plaintiff asserting a section 1983 claim must allege the personal involvement of each defendant in the alleged constitutional violation; in other words, the plaintiff must state how each defendant was involved in the events and occurrence giving rise to the claims in the operative complaint. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.); *Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *see also Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). Here, Guastaferro's only references to Messrs. Levine and Bogle are in the caption of the

## 2.  State-Law Claims for Defamation

Guastaferro also attempts to assert state-law claims for defamation in the complaint. However, since he has failed to assert any federal claim, the only possible independent basis for this court's jurisdiction over such a claim is 28 U.S.C. § 1332, which grants a district court subject-matter jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). As already stated, "[t]he burden of establishing federal jurisdiction rests with the party asserting its existence," *id.* at 105 (citing *DaimlerChrysler Corp.*, 547 U.S. at 342 n.3), and "in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed." *Craven v. Leach*, 647 F. App'x 72, 75 (3d Cir. 2016) (quoting *Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 222 n.13 (3d Cir. 1999)).

For purposes of determining whether parties are completely diverse, an individual is a citizen of the state where the individual is domiciled, meaning the state where the individual is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d

---

complaint, and in the section of the complaint where he lists the defendants. *See* Compl. at ECF pp. 1, 3. Therefore, he has failed to allege their personal involvement in any purported constitutional violation, and he cannot seek to hold them liable simply because they were two of the highest-ranked employees in the business. *See Robinson v. Delbalso*, No. 22-2378, 2022 WL 17248100, at *2 (3d Cir. Nov. 28, 2022) ("We agree with the District Court that Robinson's second amended complaint did not state a plausible claim for relief. First, he failed to allege the defendants' personal involvement, and he cannot predicate liability on his § 1983 claims on a respondeat superior basis." (internal citations omitted)).

Cir. 2011) ("[D]omicile is established by an objective physical presence in the state or territory coupled with a subjective intention to remain there indefinitely." (citation omitted)). As for a corporation, it is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

Here, Guastaferro lists a Pennsylvania address for himself and all defendants. *See* Compl. at ECF pp. 3, 4. As Guastaferro is alleging that all parties are citizens of Pennsylvania, diversity jurisdiction does not exist over Guastaferro's state-law defamation claims. Therefore, the court will dismiss Guastaferro's state-law defamation claims for lack of subject-matter jurisdiction without prejudice to him reasserting those claims in the appropriate state court.[5]

### III.   CONCLUSION

For the foregoing reasons, the court will grant the IFP Application and permit Guastaferro to proceed *in forma pauperis* in this case. The court will also dismiss Guastaferro's possible federal claims under section 1983 for the failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal will be with prejudice because the court finds amendment of his section 1983 claims against the non-state-actor defendants would be futile. *See Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (stating general rule); *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007) (explaining that "in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile"); *see also Talbert v. Kaplan*, Civ. A. No. 12-6533, 2013 WL 4434213, at *4–6 (E.D. Pa. Aug. 20, 2013) (granting motion to dismiss *pro se* plaintiff's section 1983 claim for Eighth Amendment violation and denying leave to amend in part because defendant doctor was not state actor). As for Guastaferro's

---

[5] The court expresses no opinion on the merits of any state-law claims.

state-law defamation claims, the court will dismiss them for lack of subject-matter jurisdiction without prejudice to Guastaferro's right to raise those claims in an appropriate state court.

The court will enter a separate order.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.